UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. **00-6099 CIV-GRAHAM**
Magistrate Judge
Remove from the Circuit Court
in and for Broward County, Florida

**MAGISTRATE TURNOFF**

CAREEN DIAZ,

    Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION
OF SOUTH BROWARD, AND COLUMBIA
HOSPITAL CORPORATION OF SOUTH
FLORIDA,

    Defendants.

_____/

### NOTICE OF REMOVAL BY DEFENDANT

The Defendants, COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, and COLUMBIA HOSPITAL CORPORATION OF SOUTH FLORIDA, hereby file this Notice of Removal containing a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1441 and 1446, and state as follows:

    1.    On or about January 6, 2000, Plaintiff commenced this action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, entitled *Careen Diaz v. Columbia Hospital Corporation of South Broward, and Columbia Hospital Corporation of South Florida.*

2

2. The Summons and Complaint in this cause were served on Defendants on January 11, 2000. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Attached hereto as composite Exhibit "A" are copies of the Summonses and Complaint filed by the Plaintiff in state court as well as copies of all process, pleadings, papers and orders, now on file in the state court in accordance with 28 U.S.C. § 1446(a).

4. The instant action is one in which this Court has original jurisdiction under 28 U.S.C. § 1331, without regard to an amount in controversy or the citizenship of parties, in that it appears from Plaintiff's Complaint that this is an action alleging facts which would constitute a violation of the laws of the United States, including 42 U.S.C. § 1981.

5. Defendant has provided written notice of the filing of this Notice of Removal to all parties in this action, and a copy of said Notice will be promptly filed with the Clerk of the Circuit Court in Broward County, Florida.

WHEREFORE, Defendants, COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, AND COLUMBIA HOSPITAL CORPORATION OF SOUTH FLORIDA, respectfully request that this cause be removed in its entirety to the United States District Court for the Southern District of Florida, that this Court assume full jurisdiction of this cause, and that this Court take all further action deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 21st day of January, 2000, to Stewart Lee Karlin, Esq., 400 S.E. 8th Street, Fort Lauderdale, Florida 33316.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida  33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273
Attorneys for Defendants

F:\Data\LIT4\4871.039\NOTICEOFREMOVAL.doc

JAN-13-00  12:12  From:            6153442200     T-148  P.09/14  Job-276

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL DISTRICT IN AND FOR BROWARD COUNTY, FLORIDA

**GENERAL JURISDICTION DIVISION**

CAREEN DIAZ,

    Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, AND COLUMBIA HOSPITAL CORPORATION OF SOUTH FLORIDA,

    Defendants.
_____/

CASE NO.:

00000258  **14**

**SUMMONS**

CACE

To all and Singular the Sheriffs of said State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant: COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD.

Register Agent: The Prentice-Hall Corporation System, Inc., 1201 Hays Street, Suite 105, Tallahassee, Florida 32301.

Each defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, Stewart Lee Karlin, Esq., whose address is: 400 Southeast Eight Street, Fort Lauderdale, Florida 33316, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

WITNESS my hand and seal of this Court on  JAN 0 6 2000 .

Rcvd 1/10/10 at 230 P .m and
Srvd 1/11/00 at 1050 A .m by
_____
Special Process Server Chris J. Colson # 18
Leon County, Florida

ROBERT E. LOCKWOOD
_____
As Clerk of the Court

By: BARBARA A. WILLIAMS
As Deputy Clerk

**A TRUE COPY**
Circuit Court Seal



EXHIBIT "A"

JAN-13-00  12:10  From:                                           6153442200            T-148  P 03/14  Job-276

# CACE

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL DISTRICT IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CAREEN DIAZ,                                    CASE NO.:

    Plaintiff,                                          00000258  **14**

v.                                              **SUMMONS**

COLUMBIA HOSPITAL CORPORATION
OF SOUTH BROWARD, AND COLUMBIA
HOSPITAL CORPORATION OF SOUTH
FLORIDA,

    Defendants.
_____/

To all and Singular the Sheriffs of said State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant: COLUMBIA HOSPITAL CORPORATION OF SOUTH FLORIDA.

Register Agent: The Prentice-Hall Corporation System, Inc., 1201 Hays Street, Suite 105, Tallahassee, Florida 32301.

Each defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, Stewart Lee Karlin, Esq., whose address is: 400 Southeast Eight Street, Fort Lauderdale, Florida 33316, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

WITNESS my hand and seal of this Court on    JAN 0 6 2000
                                                                  ROBERT E. LOCKWOOD

                                                                 As Clerk of the Court

Rcvd 1/10/00 at 2:30 P.m and           By: BARBARA A. WILLIAMS
Srvd 1/11/00 at 10:50 A.m by            As Deputy

    Chris J. Colson # 18           2     A TRUE COPY
Special Process Server Leon County, Florida        Circuit Court Seal

JAN-13-00 12:10 From:                          6153442200            T-148 P 02   Job-276

1013 Centre Road, Wilmington, DE, 19805-1297
(302) 636-5400

United States Corporation Company                      The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

Date Processed: 11-JAN-00                      Transmittal #: FL0825272P       ALL

To: CAROLINE HENDRICKS, LITIGATION PARALEGAL    Redirect sent to:
    COLUMBIA/HCA HEALTHCARE CORPORATION
    ONE PARK PLAZA
    NASHVILLE TN 37203

                                                           RECEIVED

TYPE OF REPRESENTATION: Statutory
                                                           JAN 12 2000
We enclose the following documents which were served upon:
                The Prentice-Hall Corporation System, Inc.         CAROLINE P. HENDRICKS
as registered agent in  Florida    for
              COLUMBIA HOSPITAL CORPORATION OF SOUTH FLORIDA  ID#: 6446556
Documents were served on  11-JAN-00  via Personal Service         ID#: N/A

Title of Action: CAREEN DIAZ                              Case #: 00000258
            vs. COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, ET AL.,
         Court: CIRC. COURT 17TH JUD. CIRC. COURT BROWARD COUNTY FL.
Nature of Case: ~~Personal Injury~~ DISCRIM

X   Summons              ___ Notice of Mechanic's Lien      ___ A self-addressed stamped
X   Complaint            ___ Notice of Attorney's Lien          envelope enclosed
___ Garnishment          ___ Notice of Default Judgment     ___ Duplicate copies of the Notice
___ Subpoena                                                    and Acknowledgement enclosed

___ Other:

Answer Due: WITHIN 20 DAYS AFTER SERVICE
Documents Sent: Federal Express       ID#:
Call Placed: No call placed           Spoke to: N/A
Comments: N/A

Attorney for Claimant:
    STEWART LEE KARLIN ESQ
    400 S.E. 8TH STREET
    FORT LAUDERDALE FL 33316

    954-462-1201

Form Prepared By: Tina Bartlett

*Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.*

Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

JAN-13-00 12:10 From:         6153442200   T-148 P 04/14 Job-276

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL DISTRICT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CAREEN DIAZ,

    Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION
OF SOUTH BROWARD, AND COLUMBIA
HOSPITAL CORPORATION OF SOUTH
FLORIDA,

    Defendants.
_____/

CASE NO.: 00000258

**COMPLAINT AND JURY DEMAND**

CACE

14

A TRUE COPY
ROBERT E. LOCKWOOD

JAN 0 6 2000

    Plaintiff, CAREEN DIAZ, (hereinafter "plaintiff") by and through her undersigned counsel, sues the defendant, COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, AND COLUMBIA HOSPITAL CORPORATION OF SOUTH FLORIDA, (hereinafter "defendant"), and in support thereof, alleges as follows:

### COUNT I-1981 BASED UPON DISPARATE TREATMENT

    1.    This is an action for damages in an amount in excess of Fifteen Thousand ($15,000.00) Dollars.

    2.    This action seeks declaratory, injunctive and equitable relief; liquidated, compensatory and punitive damages; and costs and attorney's fees for race and discrimination and retaliation suffered by plaintiff by defendant in connection with the terms conditions and privileges of employment.

    3.    This action arises under 42 U.S.C. 1981 and jurisdiction is invoked pursuant to 42 U.S.C. 1343 and 1344. This Court has concurrent jurisdiction over 1981 claims. Venue is proper

JAN-13-00  12:11  From:                                         6153442200              T-148  P.05/14  Job-276

in that all the parties reside in Broward County and that the conduct complained of occurred within Broward County.

4. The relevant acts complained of herein occurred within Broward County, Florida.

5. Upon information and belief, at all times hereinafter mentioned, defendant is a corporation duly organized to do business in the State of Florida and conducts a significant amount of business in the State of Florida.

6. Plaintiff is an African-American and is an employee of defendant.

7. Plaintiff believes that she has been subjected to different terms, conditions and privileges of employment by reason of her race, color and retaliation.

8. Plaintiff commenced her employment as a patient care assistant while completing her degree as a registered nurse. Even though she was a current employee of the facility, she was advised by the hospital that she could not complete her internship with the hospital but needed to go through Broward Community College Internship which was an unpaid position and in fact required her to pay for the internship.

9. However, at least two caucasian nurses were treated more favorably by allowing them to train directly at the hospital and to receive compensation. When Ms. Diaz inquired as to the basis for the difference in treatment, and other matters, her inquiry was met with deaf ears.

10. As a result of the foregoing conduct by defendant, plaintiff complained about discrimination to wit a difference in treatment regarding the internship program.

11. However, no investigation was done and she was further retaliated against as set forth below.

12. Since plaintiff's complaints (both oral and in writing), she has been retaliated against by having her work closely monitored, having her job threatened for not being a "team player",

2

receiving an unfounded reprimand and attempting to have an employee prepare a false statement concerning her.

13. This has resulted in plaintiff suffering a substantial amount of stress and emotional harm.

14. Based upon the foregoing, plaintiff was denied equal terms, privileges and conditions of employment by reason of her race.

15. As a result of the foregoing conduct by defendant, plaintiff lost wages, salary, suffered, pain and suffering, and employment benefits in excess of fifteen thousand dollars ($15,000.00).

16. That it has been necessary for plaintiff to engage the services of an attorney to file and prosecute this action, and thus also request attorney's fees.

17. Plaintiff has the right to equal contractual benefits as is enjoyed by Caucasian citizens. This right is secured to plaintiff by section 1981 of Title 42 of the United States Code.

18. Defendants denied plaintiff a contractual benefit (training program) for the sole reason that plaintiff is black.

19. This refusal deprives plaintiff of her right to make and enforce contracts and receive the full and equal benefit of all laws and proceedings for the security of persons and property, as guaranteed by Section 1981 of Title 42 of the United States Code.

WHEREFORE, plaintiff demands judgment in her favor and against the defendant as follows;

1. That the Court find and declare that she has suffered from acts of discrimination at the hands of the defendant, its agents, servants and employees;

2. That plaintiff be awarded back wages, together with related monetary benefits, had she not been unlawfully discriminated against;

3

3. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein.

4. That defendant pay plaintiff's costs of this suit, together with a reasonable attorney's fees.

5. That defendant pay plaintiff for general damages for pain and suffering and humiliation and special damages incurred as a result of defendant's conduct, and punitive damages t be determined at the time of trial.

6. Any other relief that is just and equitable.

### COUNT I-1981 BASED UPON RETALIATION

20. Plaintiff repeats and realleges each every allegation contained in paragraphs numbered "1" through "13" as if it were fully set forth at length herein.

21. Based upon the foregoing, plaintiff was denied equal terms, privileges and conditions of employment by reason of retaliation.

22. As a result of the foregoing conduct by defendant, plaintiff lost wages, salary, suffered, pain and suffering, and employment benefits in excess of fifteen thousand dollars ($15,000.00).

23. That it has been necessary for plaintiff to engage the services of an attorney to file and prosecute this action, and thus also request attorney's fees.

24. Plaintiff has the right to equal contractual benefits as is enjoyed by Caucasian citizens. This right is secured to plaintiff by section 1981 of Title 42 of the United States Code.

25. Defendants denied plaintiff a contractual benefit (training program) for the sole reason that plaintiff is black and was subsequently retaliated against when she complained about protected activity.

26. This refusal deprives plaintiff of her right to make and enforce contracts and

4

receive the full and equal benefit of all laws and proceedings for the security of persons and property, as guaranteed by Section 1981 of Title 42 of the United States Code.

WHEREFORE, plaintiff demands judgment in her favor and against the defendant as follows;

1. That the Court find and declare that she has suffered from acts of retaliation at the hands of the defendant, its agents, servants and employees;

2. That plaintiff be awarded back wages, together with related monetary benefits, had she not been unlawfully retaliated against;

3. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein.

4. That defendant pay plaintiff's costs of this suit, together with a reasonable attorney's fees.

5. That defendant pay plaintiff for general damages for pain and suffering and humiliation and special damages incurred as a result of defendant's conduct, and punitive damages to be determined at the time of trial.

6. Any other relief that is just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues so triable as a matter of right.

Dated: Fort Lauderdale, Florida

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
400 S.E. 8th Street
Fort Lauderdale, Florida 33316
(954) 462-1201

Florida Bar No.: 961159

5

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6099
CIV-GRAHAM
MAGISTRATE TURNOFF

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Careen Diaz

**DEFENDANTS**
Columbia Hospital Corporation of South Broward and Columbia Hospital Corporation of South Florida,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stewart Lee Karlin, Esq.
400 S.E. 8th Street, Ft. Lauderdale, FL 33316
(954) 462-1201

ATTORNEYS (IF KNOWN) Alexander D. del Russo, Esq.
Levy Kneen Mariani Curtin Kornfeld & delRusso, PA
1400 Centrepark Blvd., #1000, West Palm Beach
FL 33401 (561)478-4700

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. § 1981 Discrimination

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 1/21/00
SIGNATURE OF ATTORNEY OF RECORD
Alexander D. del Russo

**FOR OFFICE USE ONLY**
RECEIPT # EK354  AMOUNT $150.00  APPLYING IFP _____  JUDGE 01-21-00  MAG. JUDGE _____