UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6099-CIV-GRAHAM
Magistrate Judge: Turnoff

CAREEN DIAZ,

    Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION
OF SOUTH BROWARD, AND COLUMBIA
HOSPITAL CORPORATION OF SOUTH
FLORIDA,

    Defendants.
_____/



### DEFENDANT COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD'S ANSWER TO COMPLAINT

The Defendant, COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, INC., d/b/a WESTSIDE REGIONAL MEDICAL CENTER, by and through its undersigned attorneys, hereby answers the respective paragraphs of Plaintiff's Complaint as follows:

### Count I – 1981 Based Upon Disparate Treatment

1. Defendant admits that Plaintiff invoked the jurisdiction of the state court through the allegations in this paragraph, and that said allegations are jurisdictional allegations, but Defendant denies that Plaintiff is entitled to any such relief.

2. Defendant admits that Plaintiff seeks to recover the relief sought in this paragraph, but denies that Plaintiff is entitled to any such relief.




3. Defendant admits that Plaintiff seeks to bring this action under the statutes cited, and admits that venue is proper within this judicial district, but denies all remaining allegations in this paragraph.

4. Defendant admits the allegations in Paragraph 4.

5. With respect to this Defendant, Defendant admits the allegations in Paragraph 5.

6. With respect to this Defendant, Defendant admits the allegations in Paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff subjectively believes are the basis for her claims, and Defendant otherwise denies the allegations of this paragraph.

8. With respect to Paragraph 8, Defendant admits the allegations in the first sentence of this paragraph and denies all remaining allegations.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Paragraph 17 does not represent an allegation of fact but rather a conclusion of law. To the extent a response is required to these allegations, Defendant denies the allegations in this paragraph.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

### Count II – 1981 Based Upon Retaliation

20. Defendant reaffirms its responses to the previous paragraphs referred to herein.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Paragraph 24 does not represent an allegation of fact but rather a conclusion of law. To the extent a response is required to these allegations, Defendant denies the allegations in this paragraph.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Any remaining allegations in the Complaint not specifically addressed above are hereby denied.

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state claims upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations.

### THIRD DEFENSE

All actions taken with respect to the Plaintiff were taken pursuant to general business and employment reasons, consistent with Hospital Policy.

## FOURTH DEFENSE

Plaintiff received the same treatment as other employees who were not in a protected class, and Plaintiff's alleged complaints were not a motivating factor in any of the employment decisions relating to Plaintiff.

## FIFTH DEFENSE

Plaintiff has suffered no adverse employment actions and has incurred no damages in connection with the claims raised herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 27 day of January, 2000, to Stewart Lee Karlin, Esq., 400 S.E. 8th Street, Fort Lauderdale, Florida 33316.

LEVY, KNEEN, MARIANI, CURTIN, KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273
Attorneys for Defendants

\\LAW_SERVER\SYS\Data\LIT4\4871.039\answer.col.hosp.southbroward.doc