UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6099-CIV-GRAHAM
Magistrate Judge: Turnoff

00 MAR 24 AM 9:03
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

CAREEN DIAZ,

Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, AND COLUMBIA HOSPITAL CORPORATION OF SOUTH FLORIDA,

Defendants.
_______________________________________/

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

The Defendant, by and through undersigned counsel, and pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, hereby moves that this Court enter an Order compelling the Plaintiff to respond to written discovery. The grounds for this Motion are fully set forth in the accompanying Memorandum of Law.

## MEMORANDUM OF LAW

On January 27, 2000, Defendant served its First Request for Production of Documents on Plaintiff pursuant to Rule 34. A copy of this discovery request is attached hereto as Exhibit A. Plaintiff has not responded to this request, nor has Plaintiff filed any objections to this discovery request. As of this date, Plaintiff has not responded, objected, or otherwise sought an extension of time to respond or object.



By letter dated March 13, 2000, the undersigned contacted the offices of Plaintiff's counsel in an attempt to resolve this discovery matter without the necessity of filing a motion. A copy of this

letter is attached hereto as Exhibit B. As of this date, Plaintiff has not responded to discovery or offered any indication as to when she will so respond. Pursuant to Local Rule 26.1(H), the undersigned certifies that he has contacted the offices of Plaintiff's counsel and made a good faith effort to resolve the issues raised in this Motion but has been unable to do so.

WHEREFORE, Defendant requests that this Court enter an Order compelling Plaintiff to respond to Defendant's First Request for Production of Documents within ten (10) days from the date of this Order.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 20 day of March, 2000, to Stewart Lee Karlin, Esq., 400 S.E. 8th Street, Fort Lauderdale, Florida 33316; and a copy to The Honorable William C. Turnoff, United States Magistrate Judge, 300 N.E. 1st Ave., Room 130, Miami, Florida 33132.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: ______________________
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273
Attorneys for Defendants

F Data LIT4 4871 039 mot compel discovery doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6099-CIV-GRAHAM
Magistrate Judge: Turnoff

CAREEN DIAZ,

Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, AND COLUMBIA HOSPITAL CORPORATION OF SOUTH FLORIDA,

Defendants.
_______________________________________/

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants hereby ask Plaintiff to respond in writing to this request within 30 days of service and to produce and permit Defendants or someone acting on their behalf to inspect and copy the documents hereinafter described. Defendants request that the documents be made available for inspection at the offices of Levy, Kneen, Mariani, Curtin, Kornfeld & del Russo, P.A., 1400 Centrepark Blvd., Suite 1000, West Palm Beach, Florida.

DEFINITIONS AND INSTRUCTIONS

A. "Document" or "documents" include, but are not limited to: the original, any copy and/or draft in your possession, custody or control of each and every item written, recorded or graphic material of whatever description (however produced or reproduced), including tapes or other recordings, information in a computer print-out or contained in a computer although not yet printed out, agreements, contracts, communications, correspondence, marginal comments

EXHIBIT A

appearing on any document and all other writings, telegrams, memoranda, summaries or records of personal conversations, conferences or interviews, diaries, schedules, appointment books, calendars, notebooks, charts, messages, appraisals, graphs, reports, plans, records, tables, pictures, drawings, sketches, maps, summaries of investigations or negotiations, receipts, opinions or reports of consultants, research, brochures, pamphlets, advertisements, circulars, press releases, analyses, inter and intra-office memoranda or communications, financial calculations and representations, ledgers, adding machine tapes, invoices or working papers.

B. "You" or "Your" shall refer to the Plaintiff, CAREEN DIAZ.

DOCUMENTS TO BE PRODUCED

1. Any and all documents that discuss, refer, or relate to your employment at the hospital known as Westside Regional Medical Center (the "Hospital").

2. Any and all documents that you contend establish any fact upon which you base your claims for relief.

3. Any and all documents provided to or received from any state, federal, or local agency, including but not limited to the EEOC, that discuss, refer, or relate to your employment at the Hospital.

4. Any and all documents that discuss, refer, or relate to the filing of this lawsuit.

5. Any and all documents that you received from any employee of the Hospital that you contend support, tend to support, do not support or tend not to support, any of the claims asserted in this lawsuit.

6. Any and all documents that discuss, refer, or relate to the wages, income or benefits you received from your employment at the Hospital.

7. Any and all documents that support any damages you claim to have suffered as a result of the claims raised in this lawsuit.

8. Any and all documents that discuss, refer, or relate to any wages, income, or compensation you have received from any source other than your work at the Hospital from 1996 through present.

9. Your federal income tax forms and W-2 statements for the years 1994 to the present.

10. Any and all documents that support or tend to support your allegation in Paragraph 7 that you have been "subjected to different terms, conditions or privileges of employment by reason of [your] race and color . . ."

11. Any and all documents that support or tend to support your allegation in Paragraph 9 of your Complaint to the effect that at least two Caucasian nurses were treated more favorably by allowing them to train directly at the Hospital and to receive compensation.

12. Any and all written complaints that you made to the Hospital concerning your claim for discrimination.

13. Any and all documents or letters you have received from the Hospital in response to any complaints you have made concerning retaliation.

14. Copies of the written complaints you made to the Hospital, as alleged in Paragraph 12 of your Complaint.

15. Any and all documents or medical records which support or tend to support your allegation in Paragraph 13 of your Complaint, to the effect that you have suffered a substantial amount of stress and emotional harm as a result of the claims raised in this lawsuit, including but not limited to any medical records, notes, charts, or reports from treating health care practitioners.

16. Any and all documents that support or tend to support your allegation in Paragraph 15 of your Complaint, to the effect that you have lost wages, salary and employment benefits as a result of the claims raised in this lawsuit.

17. Any and all documents that support or tend to support your claim that the Hospital has retaliated against you as a result of your complaints.

18. Any and all documents that reflect visits to physicians for health care problems from January of 1997 to present.

19. Any and all documents that you contend support your claim for damages other than those identified in previous discovery requests.

20. Any contract or agreement with your attorney regarding the payment of attorney's fees or expenses incurred in this case.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17 day of January, 2000, to Stewart Lee Karlin, Esq., 400 S.E. 8th Street, Fort Lauderdale, Florida 33316.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: ______________________
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273
Attorneys for Defendants

F:\Data\LIT4\4871.039\request.production.doc

LEVY, KNEEN, MARIANI, CURTIN, KORNFELD & DEL RUSSO
PROFESSIONAL ASSOCIATION
COUNSELORS AT LAW
SUITE 1000
1400 CENTREPARK BOULEVARD
WEST PALM BEACH, FLORIDA 33401
TELEPHONE (561) 478-4700
FAX NO. (561) 478-5811

ALEXANDER D. DEL RUSSO
BOARD CERTIFIED CIVIL TRIAL ATTORNEY
ADMITTED TO PRACTICE IN FLORIDA
AND THE DISTRICT OF COLUMBIA
WRITER'S DIRECT DIAL NO.:
(561) 478-4744

H. IRWIN LEVY
RETIRED

March 13, 2000

Stewart Lee Karlin, Esq.
400 S.E. 8th Street
Fort Lauderdale, Florida 33316

Re: Careen Diaz vs. Columbia Hospital Corporation of South Broward, et al.

Dear Mr. Karlin:

On January 27, 2000, I had served upon you the Defendant's First Request for Production of Documents. As of this date, I have not received the documents or any discovery response, nor have I received any objections or motions for enlargement of time to respond or object. I would ask that you please give this production your immediate attention so that I may avoid having to file a motion with the court.

Additionally, after I have received these documents, I would like to schedule the deposition of your client. Rather than picking an arbitrary date which may or may not be convenient to you or your client, I would ask that your office please get back to me with several tentative dates for the deposition of the Plaintiff.

Sincerely,

Alexander D. del Russo
For the Firm

ADD/ncr
**Via facsimile and U.S. Mail**

EXHIBIT
B