UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6099-CIV-GRAHAM
Magistrate Judge: Turnoff

CAREEN DIAZ,

    Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION
OF SOUTH BROWARD,

    Defendant.

_____/



### DEFENDANT'S UNOPPOSED MOTION FOR NINETY (90) DAY CONTINUANCE OF TRIAL AND PRETRIAL DEADLINES

The Defendant, COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, d/b/a Westside Regional Medical Center, through undersigned counsel and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, respectfully requests a ninety (90) day continuance of trial and of the pretrial deadlines set forth in this Court's Scheduling Order dated March 28, 2000. Pursuant to Local Rule 7.6, this Motion is accompanied by an Affidavit of Counsel setting forth a showing of good cause for this continuance, which is attached as Exhibit "1". The grounds for this Motion are fully set forth in the accompanying Memorandum of Law.

### Memorandum of Law

This is an action for race discrimination and retaliation brought pursuant to 42 U.S.C. § 1981. Defendant filed its Answer to Plaintiff's Complaint on January 27, 2000. Thereafter,



on March 28, 2000, this Court entered its Scheduling Order Setting Pretrial Conference and Trial Dates (D.E. # 14). Among other things, this Order set the deadline for discovery on October 30, 2000, the deadline for pretrial motions on November 6, 2000, and scheduled trial for the two-week calendar beginning January 15, 2001.

Defendant took Plaintiff's deposition on May 16, 2000. Early in the course of that deposition, Plaintiff testified that she had recently filed a Voluntary Petition in the United States Bankruptcy Court for the Southern District of Florida. Immediately upon hearing Plaintiff's disclosure of her bankruptcy petition, counsel for both parties were in agreement that, pursuant to 11 U.S.C. § 362, an automatic stay of this action was in effect, thereby precluding the completion of Plaintiff's deposition by Defendant. Since any recovery would be an asset of the debtor's estate, Defendant believed this action could not proceed until the Bankruptcy Trustee made a decision to whether to pursue the claim. E.g., *Merrick v. Whitmore*, 175 B.R. 333 (9th Cir. 1994) (cause of action of pre-bankruptcy lawsuit is asset of estate, and Trustee must decide on whether to pursue). The deposition was thus halted at that point. See 5/16/00 Dep. of Plaintiff (excerpted and annexed hereto as Exh. 2).

Following Plaintiff's aborted deposition on May 16, 2000, both parties agreed to and refrained from discovery efforts in the good faith belief that the action was stayed pursuant to 11 U.S.C. § 362. Neither Defendant nor Plaintiff has conducted any further discovery. Defendant did obtain a copy of Plaintiff's Chapter 13 Petition, and on May 25, 2000, filed a Suggestion of Bankruptcy (D.E. #17) with this Court.

From May 25, 2000 until September 6, 2000, there has been no activity in this case. On September 6, 2000, Defendant filed a Motion for Pretrial Conference (D.E. #18),

2

requesting a conference to discuss the status of the case and possible abatement of deadlines in light of the bankruptcy automatic stay both parties believed was in effect.

By Order dated September 25, 2000 (D.E. #19), this Court denied Defendant's Motion for Pretrial Conference on the ground that the automatic stay provisions of 11 U.S.C. § 362 apply only to actions <u>against</u> a bankruptcy debtor.

Because of the delay caused by the perceived automatic stay, the parties will not have sufficient time to conduct and complete discovery or file pretrial motions within the existing schedule. Accordingly, Defendant requests that this Court grant a ninety (90) day continuance of trial and pretrial deadlines. This requested continuance is necessitated by the parties' mutual good faith, albeit erroneous, belief that a stay was in effect, which constitutes good cause for the granting of the continuance under Fed.R.Civ.P. 16(b). This is the first continuance requested in this action. Neither party will suffer any conceivable prejudice through an additional ninety (90) day delay of trial, whereas Defendant will be substantially prejudiced if this continuance is denied through its inability to discover information necessary to its defense. Thus, the granting of the requested continuance would serve the interests of justice by permitting both parties sufficient time to complete discovery and prepare pretrial motions.

Accordingly, Defendant respectfully requests that this Court continue the pretrial dates as follows:

    Discovery Deadline ............................................ 1/30/01

    Deadline for Filing all Pretrial Motions ...................... 2/6/01

    Trial Docket ................................................... 4/2001 or thereafter

3

Pursuant to the requirements of Local Rule 7.1(A) and 26.1(I), the undersigned counsel certifies that he has contacted opposing counsel, Stewart Lee Karlin, Esq., in an effort to resolve the issues raised in this Motion, and that Plaintiff's counsel has no objection to the relief sought herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 29 day of September, 2000, to Stewart Lee Karlin, Esq., 400 S.E. 8th Street, Fort Lauderdale, Florida 33316.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811

\\LAW_SERVER\SYS\DATA\LIT4\4871.039\motion for continuance.doc

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6099-CIV-GRAHAM
Magistrate Judge: Turnoff

CAREEN DIAZ,

    Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION
OF SOUTH BROWARD,

    Defendant.
_____/

### AFFIDAVIT OF ALEXANDER D. DEL RUSSO

STATE OF FLORIDA    )
    )
COUNTY OF PALM BEACH    )

BEFORE ME, the undersigned authority, personally appeared **Alexander D. del Russo**, who after being duly sworn, deposes and states as follows:

1. My name is **Alexander D. del Russo.** I am counsel of record for the Defendant, COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, and I make this Affidavit based upon my personal knowledge.

2. After receiving this Court's Scheduling Order dated March 28, 2000, I noticed the

# EXHIBIT "1"

deposition of the Plaintiff, Careen Diaz. The deposition was scheduled and subsequently rescheduled to take place on May 16, 2000.

3. During the course of the deposition, Plaintiff revealed she had recently filed for personal bankruptcy. Plaintiff's counsel and I discussed the situation off record, and we concluded that this action could not proceed in light of the automatic stay provisions of 11 U.S.C. § 362. At the least, we felt that Ms. Diaz's attorney would need to obtain permission by the Bankruptcy Trustee to be appointed as special counsel in order to pursue this claim against the Defendant.

4. Following this aborted deposition, my office obtained a copy of the Chapter 13 Voluntary Petition in Bankruptcy, and on May 25, 2000, we filed that Petition in this case with the Court. Since that date, neither party has taken any discovery and there has been no further action in this case.

5. Although both parties had halted all discovery efforts in the good faith belief that this action could not proceed, the deadlines in this Court's Scheduling Order had not been otherwise addressed. Therefore, on September 6, 2000, I filed a Motion for Pretrial Conference (D.E. #18), requesting a pretrial conference in order to discuss the status of this case and possible abatement of trial deadlines pursuant to the automatic stay which the parties believed was in effect.

6. In light of this Court's Order of September 25, 2000, which denied the Motion for Pretrial Conference, the Defendant is now resuming its discovery efforts in this case. However, the parties have lost the opportunity to take discovery during this intervening four-month period. In light of the current discovery deadline of October 30, 2000, it is believed that there is

insufficient time for the parties to conduct and complete discovery necessary to pursue the defenses raised in this case.

FURTHER AFFIANT SAYETH NOT.

_____
Alexander D. del Russo

SWORN TO and subscribed before me, the undersigned authority, this 29th day of September, 2000, by **Alexander D. del Russo**, who is personally known to me.

_____
NOTARY SIGNATURE

_____
Print Name
Commission Number:_____
My Commission Expires:_____

(NOTARY SEAL)



NANCY TIDWELL-RARDIN
MY COMMISSION # CC 860778
EXPIRES: Aug 4, 2003
1-800-3-NOTARY   Fla. Notary Service & Bonding Co.

\\LAW_SERVER\SYS\Data\LIT4\4871.039\Affd.addelrusso.doc

3

```
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2                 FT. LAUDERDALE DIVISION

 3              CASE NO. 00-6099-CIV-GRAHAM
                   Magistrate Judge Turnoff
 4

 5   CAREEN DIAZ,

 6              Plaintiff,

 7   vs.

 8   COLUMBIA HOSPITAL CORPORATION
     OF SOUTH BROWARD AND COLUMBIA
 9   HOSPITAL CORPORATION OF SOUTH
     FLORIDA,
10
                Defendants.
11
     _____/
12

13

14        DEPOSITION OF CAREEN MARIE BROWN DIAZ

15          Taken before Richard Greenspan, Registered

16   Merit Reporter and Certified Realtime Reporter, Notary

17   Public in and for the State of Florida at Large,

18   pursuant to Notice of Taking Deposition filed by the

19   Defendants in the above cause.

20                      -  -  -

21

22                                ORIGINAL TRANSCRIPT

23
     Tuesday, May 16, 2000
24   10 Fairway Drive
     Deerfield, Florida
25   10:10 - 11:00 a.m.
```

KNIPES-COHEN/SPHERION COURT REPORTING
(561) 478-0401

```
 1   the party that was suing?
 2        A    The party that was suing.
 3        Q    What was the nature of the case?
 4        A    I was rear-ended in a chain-reaction.
 5        Q    How long ago was that?
 6        A    More than five years.  More than -- greater
 7   than five years.
 8        Q    What was the outcome of that case?
 9        A    A settlement.
10        Q    What was the nature of the settlement?
11        A    After medical bills and --
12        Q    Tell me both if there are two answers to it,
13   before medical bills and then after medical bills.
14        A    Before medical bills and attorney's fees, it
15   was $10,000, but after that, paying doctors, my
16   doctor, my son's doctor, maybe 4.
17        Q    Any other lawsuits in which you have been a
18   party?
19        A    Yes.
20        Q    What else?
21        A    Bankruptcy.
22        Q    You personally filed?
23        A    Yes.
24        Q    Did you do this before, during or after you
25   were married?
```

```
1    A    After.
2    Q    What year did you file bankruptcy?
3    A    2000.
4    Q    How long ago did you file bankruptcy?
5    A    Less than a month.  Maybe less than a month
6  ago.
7    Q    Are you being represented by an attorney?
8    A    Yes.
9    Q    What's the name of your bankruptcy attorney?
10   A    Tromberg is his last name.
11        MR. KARLIN:  Can I have a minute with her?
12        (A discussion was held off the record.)
13        (Recess at 10:55 a.m. until 11:02 a.m.)
14        MR. DEL RUSSO:  We have just come back from
15   a break and in my discussions with Mr. Karlin,
16   who is Ms. Diaz' counsel, and both agree that we
17   unfortunately cannot proceed with this deposition
18   nor can the suit really proceed given the
19   revelation that Ms. Diaz earlier this month filed
20   for bankruptcy.
21        I guess it's our intention that unless we
22   receive appropriate orders from the bankruptcy
23   court, that neither one of us can proceed with
24   the case without violating the automatic stay.
25        MR. KARLIN:  I would agree the case can't go
```

```
1    forward at this time, not under any
2    circumstances, but I need to contact the trustee
3    and get the approval of the bankruptcy court.
4            MR. DEL RUSSO:  Okay, that's it for today.
5            (The witness was excused.)
6            (At 11:00 a.m. the deposition was
7    concluded.)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   STATE OF FLORIDA
 2   COUNTY OF PALM BEACH
 3
 4         I, RICHARD GREENSPAN, the undersigned Notary
 5   Public, in and for the State of Florida, hereby
 6   certifies that CAREEN MARIE BROWN DIAZ personally
 7   appeared before me and was duly sworn.
 8
 9
10         WITNESS my hand and official seal
11   this ____ day of _____, 1999.
12
13
14
15
16
17   _____
18              RICHARD GREENSPAN
19         NOTARY PUBLIC - STATE OF FLORIDA
20            My Commission # CC723999
21            Expires:  March 12, 2002
22         Bonded Thru Notary Public Underwriters
23
24
25
```