UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6099-CIV-GRAHAM
Magistrate Judge: Turnoff

CAREEN DIAZ,

    Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION
OF SOUTH BROWARD,

    Defendant.
_____/

### AFFIDAVIT OF LYNN MATHIS

STATE OF FLORIDA    )
COUNTY OF BROWARD  )

BEFORE ME, the undersigned authority, personally appeared **Lynn Mathis**, who upon being duly sworn, deposes and states as follows:

1.    My name is Lynn Mathis. I make this Affidavit based upon my personal knowledge.

2.    Between March 1999 and June 30, 2000, I was employed at Westside Regional Medical Center as the Human Resource Director. In that role I was responsible for all aspects of interaction between the hospital administration and its employees including the hiring, firing and at times discipline of same.

3.    In early June of 1999, Careen Diaz met with me in order to discuss her concerns as to why she was not paid for precepting at the hospital at the time that she precepted. Plaintiff raised concerns that she had discovered that two recent individuals, who had just precepted, were

WPB#536737.01

apparently paid and wanted to discuss with me the reasons why she had not been. I investigated the matter and determined that the individuals that had recently precepted were under a different program and under different circumstances. I communicated this information to Ms. Diaz, however, Ms. Diaz was not satisfied with the same.

4. As a result of Ms. Diaz' continued concerns concerning the Preceptorship Program, I attempted to coordinate a meeting between myself, Ms. Diaz and the Chief Nursing Officer, Kimberly Jutras. The meeting was scheduled to take place in early July. Prior to the meeting, and on or about June 29, 1999, I learned that the Plaintiff was intending on bringing an unidentified individual to the meeting between myself, Ms. Jutras and Ms. Diaz. I contacted Ms. Diaz, who was then working on the fourth floor, by phone, and requested her to advise me who she was bringing to the meeting and advised her that hospital policy did not permit outsiders to attend. Ms. Diaz refused to tell me who she was bringing to the meeting, and, did in fact hang the phone up on me in the middle of our conversation. I then attempted to contact Ms. Diaz on more than two separate occasions that afternoon to again inquire as to who she intended on bringing to the meeting. Each time Ms. Diaz refused to take my call and/or instructed the employees working with her to advise me that she was unavailable and in fact had clocked out. I later verified that Ms. Diaz was in fact working and still on the clock at the time she refused to take my calls. Before Ms. Diaz left work that day she was advised by her supervisor, Sue Wakat, that I was attempting to contact her and instructed to go to my office to speak with me. Ms. Diaz did not present to Human Resources until the following day.

5. Ms. Diaz' conduct and behavior as she exhibited to me on the phone June 29th was both unprofessional and insubordinate and I reported the same to her supervisor Sue Wakat who then along with myself issued a written reprimand concerning the incident. In accordance

with the hospital's progressive disciplinary policy, Ms. Diaz was suspended for a period of three days.

FURTHER AFFIANT SAYETH NOT.

_____
Lynn Mathis

SWORN TO AND SUBSCRIBED BEFORE ME this ____ day of April, 2001, by **Lynn Mathis**. She is personally known to me, or has produced her _____ driver's license, or her _____ as identification.

_____
(Signature)

_____
(Printed Name)

(AFFIX NOTARIAL SEAL)                NOTARY PUBLIC, STATE OF FLORIDA

_____
(Commission Expiration Date)

_____
(Serial Number, If Any)

WPB#536737.01