UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6099-CIV-GRAHAM
MAGISTRATE JUDGE TURNOFF

```
FILED by_____ D.C.
MAG. SEC.

  OCT - 9 2001

 CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

CAREEN DIAZ,

    Plaintiff,

v.

COLUMBIA HOSPITAL CORPORATION
OF SOUTH BROWARD,

    Defendant.
_____/

**CONSENT CASE**

## ORDER

This Cause comes before the Court on Defendant's Motion for Summary Judgment. (D.E. 34.) Pursuant to the consent of the parties, this case was referred to the undersigned for a full disposition of the summary judgment motion.

On January 6, 2000, Plaintiff, Careen Diaz, filed a Complaint alleging that Defendant, Columbia Hospital Corporation of South Broward, d/b/a Westside Regional Medical Center ("Westside"), subjected her to different terms, conditions, and privileges of employment because of her race. More specifically, in Count I, Plaintiff alleges that in order to become a full-time staff nurse at Westside, Plaintiff was forced to participate in Broward Community College's Internship program, which was unpaid and charged tuition, while other non-African-Americans were allowed to train directly at the hospital and receive compensation. In Count II of her Complaint, Plaintiff alleges that she was retaliated against by Defendant as a result of her complaints of race discrimination. Specifically, Plaintiff alleges that she was retaliated against by having her work



Case No. 00-6099-CIV-GRAHAM
Magistrate Judge William C. Turnoff

closely monitored, having her job threatened for not being a "team player," receiving an unfounded reprimand, attempting to have an employee prepare a false statement concerning her, and additionally, being suspended after the initial Complaint was filed.

On April 23, 2001, Defendant filed the instant Motion For Summary Judgment. (D.E. 34.) Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment on May 18, 2001. (D.E. 52.) Defendant filed its Reply on May 24, 2001. (D.E. 56.) Oral argument on the Motion for Summary Judgment was heard on June 7, 2001.

## Standard For Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials demonstrate there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue of fact is "material" if it is a legal element of a claim under the applicable substantive law and is one that might affect the outcome of the suit under the governing law. Id. at 248. A material fact is "genuine" if "the record taken as a whole could lead a rational trier of fact to find for the non-moving party." Id. at 261 n.2 (citations omitted). In reviewing a motion for summary judgment, the Court focuses on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

To determine whether a genuine issue exists to preclude summary judgment, federal courts employ the two-prong framework of burden shifting established by the Supreme Court in Celotex

Case No. 00-6099-CIV-GRAHAM
Magistrate Judge William C. Turnoff

Corp. v. Catrett, 477 U.S. 317 (1986). This framework places the initial burden on the moving party to establish the absence of a genuine issue as to any material fact. See Allen, 121 F.3d at 646 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). To decide whether the burden has been satisfied, the Court must view the evidence and all reasonable inferences arising therefrom in the light most favorable to the nonmoving party. See Schoenfeld v. Babbitt, 168 F.3d 1257, 1264 (11th Cir. 1999).

Once the movant has satisfied its burden, the burden shifts to the nonmoving party to present evidence sufficient to make a "showing that the jury could reasonably find for that party." Allen, 121 F.3d at 646 (quoting Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990)). Facts asserted by a summary judgment opponent must be regarded as true if supported by affidavit or other evidentiary material. See Coke v. General Adjustment Bureau, Inc., 640 F.2d 584, 595 (5th Cir. 1981).[1] Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen, 121 F.3d at 646 (citations omitted).

Both of Plaintiff's claims of disparate treatment and retaliation under 42 U.S.C. § 1981 require application of the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this analysis, once the Plaintiff establishes a prima facie claim by a preponderance of the evidence, the burden shifts to the defendant to produce legitimate, non-discriminatory reasons for the adverse employment action. Id. To meet this burden, the defendant

---

[1] The Eleventh Circuit has adopted the former Fifth Circuit's decisions as binding precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Case No. 00-6099-CIV-GRAHAM<br>
Magistrate Judge William C. Turnoff

need only produce, not prove, a legitimate non-discriminatory reason. <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519, 1528 (11th Cir. 1997). The "defendant's explanation of its legitimate reasons must be clear and reasonably specific." <u>Texas Dept. of Community Affairs v. Burdine</u>, 40 U.S. 248 (1981). The burden then shifts back to the Plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the Defendant were merely pretextual. <u>Id.</u> In order to show that the Defendant's proffered reason is mere pretext, Plaintiff must present "concrete evidence in the form of specific facts" showing pretext. <u>Earley v. Champion Int'l Corp.</u>, 907 F.2d 1077, 1081 (11th Cir. 1990).

After carefully considering the parties' arguments and the record, it appears that there remain genuine issues of material fact with respect to both the claims for disparate treatment and retaliation, including but not limited to, tuition reimbursement payment[s] made to other nurse[s] in Plaintiff's preceptorship program and the factors involved in Plaintiff's suspension. Therefore, summary judgment is not proper. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Accordingly it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (D.E. 34) is DENIED.

Case No. 00-6099-CIV-GRAHAM
Magistrate Judge William C. Turnoff

DONE and ORDERED in Chambers, at Miami, Florida, this ___8___ day of ___OCT___, 2001.

WILLIAM C. TURNOFF
United States Magistrate Judge

c.  Honorable Donald L. Graham
Stewart Lee Karlin, Esq.
Alexander D. Del Russo, Esq.